# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY PERKINS,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>US NAVY/CNRSW/CNIC,<br><br>　　　　　Defendants. | CASE NO. 12-CV-961-H (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE** |

On March 15, 2012, Cory Perkins ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego, against US Navy/Commander Navy Region Southwest/Commander Naval Installation Command (collectively "Defendants"). (Doc. No. 1-2 at 3.) On April 18, 2012, Defendants removed the action to federal court. (Doc. No. 1.) On June 15, 2012, Defendants filed a motion to dismiss. (Doc. No. 7.) Plaintiff never filed an opposition. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the papers, and vacates the hearing. Based on the following, the Court grants Defendants' motion to dismiss without prejudice.

## Background

Plaintiff alleges that on October 22, 2001, Plaintiff began employment as a police officer with the United States Navy. (Doc. No. 1-2 at 5.) Plaintiff alleges that Defendants passed Plaintiff over for promotion since 2006 in favor of officers with less experience,

1  training, and seniority (id. at ¶¶ 8, 11-13, 38-42), did not allow Plaintiff to train recruits (id.
2  at ¶¶ 20-21), and did not send Plaintiff to training courses.  (Id. at ¶¶ 31-35.)

3        On March 15, 2012, Plaintiff filed a complaint in the Superior Court of California,
4  County of San Diego, against Defendants. (Doc. No. 1-2 at 3.)  On April 18, 2012, Defendants
5  removed the action to federal court.  (Doc. No. 1.)  On June 15, 2012, Defendants filed a
6  motion to dismiss Plaintiff's complaint.  (Doc. No. 7.)

7  **Legal Standard**

8        Federal courts are courts of limited jurisdiction, and the Article III case or controversy
9  clause limits courts' subject matter jurisdiction.  Chandler v. State Farm Mut. Auto. Ins. Co.,
10 598 F.3d 1115 (9th Cir. 2010).  There is no presumption of jurisdiction in district courts.
11 Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Federal Rule of
12 Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject
13 matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction can never be
14 waived. Fed. R. Civ. P. 12(h)(3).  Any party or the court sua sponte may raise a lack of subject
15 matter jurisdiction before or after trial, or even for the first time on appeal.  Id.; see also
16 Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir.1996).

17       A plaintiff's complaint must include "a short and plain statement of the grounds for the
18 court's jurisdiction, unless the court already has jurisdiction and the claim needs no new
19 jurisdictional support."  Fed. R. Civ. P. 8(a)(1).  "The presence or absence of federal question
20 jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal
21 jurisdiction exists only when a federal question is presented on the face of the plaintiff's
22 properly pleaded complaint." Audette v. Int'l Longshoremen's and Warehousemen's Union,
23 195 F.3d 1107, 111 (9th Cir. 1999) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392
24 (1987)).

25 **Discussion**

26       Plaintiff does not allege a statutory basis for his causes of action. (See Doc. No. 1-2.)
27 In light of Plaintiff's companion suit, Cory Perkins v. US Navy/CNRSW/CNIC, Case No. 12-
28 CV-0957-H (NLS), it appears that Plaintiff's claims arise out of Title VII of the Civil Rights

1  Act of 1964, 42 U.S.C. § 2000e.  (See Doc. No. 7, Ex. 1 at ¶ 39.)  As sovereign, the United
2  States is immune from suit unless it consents to be sued.  McGuire v. United States, 550 F.3d
3  903, 913 (9th Cir. 2008). Congress in Title VII has waived the federal government's sovereign
4  immunity for suits alleging discrimination by federal employees on the basis of religion and
5  various other personal characteristics.  42 U.S.C. § 2000e-16.  Plaintiff has not pled, however,
6  that he satisfied the jurisdictional requirements for filing a Title VII action.  Substantial
7  compliance with Title VII's administrative exhaustion requirements is a jurisdictional
8  prerequisite.  Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001).  A federal
9  employee alleging discrimination against the federal government under Title VII must first
10 exhaust administrative remedies under 29 C.F.R. § 1614.  42 U.S.C. § 2000e-16(c); Nat'l R.R.
11 Passenger Corp. v. Morgan, 536 U.S. 101, 104-05, 108-14 (2002); Sommatino, 255 F.3d at
12 708-09.  Under the Title VII statutory and regulatory scheme, a federal employee must notify
13 an Equal Employment Opportunity counselor within 45 days of the alleged conduct, and then,
14 if the matter is not resolved, the employee may submit a formal administrative complaint.
15 29 C.F.R. § 1614.105; 29 C.F.R. § 1614.106.  Plaintiff fails to allege that he substantially
16 complied with Title VII's administrative exhaustion requirements.  Plaintiff does not allege the
17 dates on which the challenged employment decisions occurred or whether he exhausted
18 administrative remedies as to each decision or the dates he exhausted administrative remedies.
19 Because substantial compliance is a jurisdictional prerequisite, the Court concludes that
20 Plaintiff's complaint fails to allege jurisdiction.  Fed. R. Civ. P. 8(a)(1); Sommatino, 255 F.3d
21 at 709.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Title VII
22 causes of action.

23       Moreover, to the extent Plaintiff's causes of action are based on state law, the Court
24 grants Defendant's motion to dismiss.  Congress has enacted an intricate scheme of remedial
25 mechanisms for federal employees aggrieved by adverse personnel actions.  See, e.g., Title
26 VII; the Civil Service Reform Act of 1978, codified in various sections of Title 5 of the United
27 States Code; the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C.
28 § 4301, et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 794a.  This scheme

1  demonstrates a Congressional intent "to create an exclusive, pre-emptive administrative and
2  judicial scheme for the redress of federal employment discrimination." Brown v. GSA, 425
3  U.S. 820, 829 (1976).  The Supreme Court stated that Title VII "with its rigorous
4  administrative exhaustion requirements and time limitations, would be driven out of currency
5  were immediate access to the courts under other, less demanding statutes permissible." Brown,
6  425 U.S. at 833.  Thus, when a plaintiff's discrimination claim "arises out of" the federal
7  "employment relationship," a plaintiff is barred from pursuing relief outside Title VII or
8  Congress' other employee-protection statutes. Bush v. Lucas, 462 U.S. 367, 368, 388-390
9  (1983). Plaintiff's complaint alleges conduct arising out of his employment relationship with
10 Defendants.  Thus, to the extent Plaintiff seeks relief for the conduct alleged in Plaintiff's
11 complaint pursuant to laws other than Title VII or other federal employee-protection statutes,
12 Plaintiff's claims are preempted. Accordingly, the Court grants Defendants' motion to dismiss.

### Conclusion

14 Based on the foregoing, the Court grants Defendants' motion to dismiss Plaintiff's
15 complaint without prejudice.  Plaintiff must exhaust his administrative remedies, if he can do
16 so, prior to filing a lawsuit.

17 **IT IS SO ORDERED.**

18 DATED: July 19, 2012

20 MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT